IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02032-BNB

WILLIAM ALAN MAUNZ,

    Applicant,

v.

WASHINGTON COUNTY JUSTICE CENTER (WCJC),
LARRY KOONTZ, Sheriff, and
COLO. DEPT. OF CORRECTIONS (CDOC), et al.,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE FOURTH AMENDED APPLICATION

    Applicant, William Alan Maunz, filed *pro se* on August 5, 2014, an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 5) contending he was arrested, apparently for violating the conditions of his parole, and that he was being detained illegally without due process of law.  Mr. Maunz was an inmate at the Washington County Justice Center in Akron, Colorado, when he initiated this action.  On September 16, 2014, Mr. Maunz filed a notice of change of address (ECF No. 12) stating that he currently is housed at the Denver Reception and Diagnostic Center following revocation of his parole.

    On August 8, 2014, the court entered an order directing Mr. Maunz to file an amended application if he wishes to pursue any federal constitutional claims in this action.  The court noted that the application was deficient because Mr. Maunz named one or more improper Respondents, his claims properly are asserted pursuant to 28

U.S.C. § 2241 rather than 28 U.S.C. § 2254, and he failed to provide specific factual allegations that demonstrate his federal constitutional rights have been violated and that he is entitled to habeas corpus relief.

On August 13, 2014, Mr. Maunz filed as his first amended application a document titled "Amended Title 28 U.S.C.A. § 2254 (Title 28 U.S.C.A. § 2241)" (ECF No. 8). On August 21, 2014, Mr. Maunz filed as his second amended application a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241" (ECF No. 9). Neither the first nor the second amended applications is on the proper, court-approved form. On September 9, 2014, Mr. Maunz filed on the proper form as his third amended application an "Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241" (ECF No. 11). Because the District of Colorado local civil rules require unrepresented prisoners to use only court-approved forms, *see* D.C.COLO.LCivR 5.1(c) ("[i]f not filed electronically, an unrepresented prisoner or party shall use the forms and procedures posted on the court's website"), and because an amended pleading supercedes prior pleadings, *see Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007), the court will consider only the third amended application (ECF No. 11), filed by Mr. Maunz on September 9, 2014.

The court must construe the third amended application liberally because Mr. Maunz is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Maunz will be ordered to file a fourth amended application if he wishes to pursue any federal constitutional claims in this action.

The third amended application remains deficient for two reasons. First, the law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Mr. Maunz alleges that he currently is incarcerated at the Denver Reception and Diagnostic Center. Therefore, he should name as Respondent only his custodian at that facility.

The third amended application also is deficient because Mr. Maunz fails to provide specific factual allegations in support of his federal constitutional claims that demonstrate he is entitled to habeas corpus relief. Mr. Maunz makes only vague and conclusory allegations that he was detained illegally at the Washington County Justice Center and that his parole was revoked illegally. Because Mr. Maunz alleges that his parole has been revoked, it appears that any claim he is asserting regarding his confinement at the Washington County Justice Center prior to the revocation of his parole now is moot. Regarding the revocation of his parole, Mr. Maunz fails to provide a clear statement of any claim that his federal constitutional rights were violated in connection with those proceedings. Although the court must construe the application liberally, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Maunz will be given one final opportunity to file an amended pleading that names a proper Respondent and that clarifies the claims he is asserting. To reiterate, habeas corpus relief is warranted only if Mr. Maunz "is in custody in violation of the

Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, which apply to this habeas corpus action pursuant to § 2241, Mr. Maunz must provide specific factual allegations in support of the claims he is asserting. These habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. See Mayle v. Felix, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" Id. at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. See Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, Mr. Maunz has filed two other motions that remain pending. On September 4, 2014, Mr. Maunz filed a "Petition/Motion for court docket sheet case no. 14-cv-02032 BNB and investigation into criminal charges for obstruction of correspondence, delay & destruction of mail Title 18 § 1702, Title 18 § 1703, at Washington County Justice Center (Mail)" (ECF No. 10). That motion will be denied as moot because Mr. Maunz no longer is being held at the Washington County Justice Center. The second motion, which was filed on September 16, 2014, is titled "(pt. 1) amended motion/petition to dismiss the Colo. Attorney General's Office (on case no 14-cv-02344, BNB) as Defendant and add the Colorado Dept. of Corrections as Defendant (same case no.) (pt. 2) Enlargement" (ECF No. 13). That motion also will be denied. Any request for relief Mr. Maunz seeks with respect to case number 14-cv-02344-BNB

must be made in that case.  Mr. Maunz may not include in a single motion multiple requests applicable to different cases.  To the extent Mr. Maunz is requesting an enlargement of time in this action, he fails to explain the purpose for which he is seeking an extension of time.  Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Maunz file a fourth amended application on the proper form that names a proper Respondent and that clarifies the claims he is asserting in this action.  It is

FURTHER ORDERED that Mr. Maunz shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Maunz fails within the time allowed to file a fourth amended application as directed, the action will be dismissed without further notice.  It is

FURTHER ORDERED that the "Petition/Motion for court docket sheet case no. 14-cv-02032 BNB and investigation into criminal charges for obstruction of correspondence, delay & destruction of mail Title 18 § 1702, Title 18 § 1703, at Washington County Justice Center (Mail)" (ECF No. 10) is DENIED as moot and the motion titled "(pt. 1) amended motion/petition to dismiss the Colo. Attorney General's Office (on case no 14-cv-02344, BNB) as Defendant and add the Colorado Dept. of Corrections as Defendant (same case no.) (pt. 2) Enlargement" (ECF No. 13) is DENIED.

DATED September 19, 2014, at Denver, Colorado.

        BY THE COURT:

        s/ Boyd N. Boland
        United States Magistrate Judge